IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amanda Majewski,                                    Case No. 3:08CV1915

      Plaintiff

v.                                                  ORDER

Allstate Insurance Company, et al.,

      Defendant

      This is suit by an insured under an automobile policy against her insurer, defendant Allstate Insurance Company [Allstate] and a hospital, St. Vincent Mercy Medical Center [St. Vincent], which treated the plaintiff for injuries suffered in an auto accident. The Allstate policy provided for payments to medical providers ["med-pay" benefits] for accidental injuries covered by the policy.

      The med-pay provision provided, in pertinent part: "Allstate will pay to or on behalf of its insured person all expenses we deem to be reasonable and necessary and which are actually incurred by the insured person for medical treatment." Acting pursuant to this provision, and, as well, pursuant to an assignment to St. Vincent's by the plaintiff of her Allstate med-pay benefits, Allstate paid St. Vincent's directly under the policy.

      Plaintiff's complaint alleges that not all of Allstate's med-pay payments was credited by St. Vincent's against the amounts owed to it for the services it provided to the plaintiff. Instead, and

apparently due, according to the plaintiff, to an error in St. Vincent's billing mechanisms, a portion of those payments was withheld for the Internal Revenue Service. Plaintiff alleges that Allstate knew of the problem with how St. Vincent's billing system worked. Her complaint also alleges that Allstate also knew that plaintiff would not receive full credit against her bill, which, in turn, would lead, as it did, to collection actions by St. Vincent's.

As against Allstate, plaintiff asserts claims for breach of contract, breach of the covenant of good faith and fair dealing and bad faith. Pending is Allstate's motion to dismiss plaintiff's claims against it. [Doc. 18]. For the reasons that follow, the motion shall be granted.[1]

### Discussion

Allstate contends that the outcome of its motion is controlled by my recent decision in *Werner v. Progressive Preferred Ins. Co.*, 533 F. Supp. 2d 776 (N.D. Ohio 2008). Plaintiff in that case claimed that his insurer wrongfully paid medical payments benefits directly to medical providers rather than to him. I held in that case that the contract between the insured plaintiff and his insurance company permitted it to make med-pay payments directly to the providers.

In *Werner* the insurance policy was silent as to whether direct payments from insurer to medical provider were permissible. Here, in contrast, the contract expressly authorized Allstate to make payments either to the insured or "on behalf of the insured." Despite plaintiff's argument to the contrary, the plain meaning of this provision is that Allstate, in its sole discretion, could elect to whom to make the payments – the plaintiff or her medical providers.

---

[1] Plaintiff brings this suit as a class action. Allstate has also filed a motion to dismiss the class allegations. [Doc. 19]. That motion shall also be granted.

In *Werner*, moreover, the plaintiff had not assigned his rights to med-pay payments to his insurer. Here plaintiff assigned those rights to St. Vincent's. St. Vincent's, in turn, notified Allstate of the assignment.[2]

Plaintiff claims that a letter from her lawyer to Allstate directing it to pay her instead of St. Vincent's constituted a revocation of the assignment. Such letter could not have such effect, absent notice to St. Vincent's that plaintiff was revoking the assignment. There being no evidence of such notice to St. Vincent's, her lawyer's unilateral effort to steer the payments away from the direction commanded by the assignment was of no effect.[3]

I find, accordingly, no basis for plaintiff's claim that Allstate's payments to St. Vincent's breach its contractual obligations under the med-pay provision of their contract.

Plaintiff contends that Allstate breached the implied covenant of good faith and fair dealing and acted in bad faith when it sent the payments to St. Vincent's despite its putative knowledge that St. Vincent's would not credit the full payment against plaintiff's hospital bill.

Even assuming that Allstate had such knowledge, that doesn't matter. Any partial or incomplete crediting was due, according to the allegations of plaintiff's amended complaint, to malfunctions in St. Vincent's billing mechanisms. Allstate was simply not at fault for any under-crediting against plaintiff's bill. It paid what it was required to pay under the assignment. It had no duty to peer behind the assignment to make sure that St. Vincent was giving the plaintiff full credit.

---

[2] Plaintiff claims that she did not execute the assignment and the assignment was not received by Allstate. The record refutes those contentions.

[3] Indeed, had Allstate heeded the letter and sent the payments to plaintiff, rather than to St. Vincent's, as required by the assignment, which St. Vincent had not revoked, Allstate may well have exposed itself to double liability.

Allstate cannot be held liable for the fact that, in due course, St. Vincent's instituted collection efforts to recover for mis-credited underpayment.

As Allstate contends, plaintiff's quarrel appears to be with St. Vincent's [assuming her allegations about its conduct are correct], not Allstate. Plaintiff does not contend that Allstate remitted less to St. Vincent's than the amount it billed to plaintiff. Allstate thus must be viewed as having made payment in full under its policy.

Allstate neither failed to perform its obligations under the med-pay provision, breached the covenant of good faith and fair dealing nor acted in bad faith. Plaintiff's claims, along with her class allegations against Allstate, must be dismissed.

## Conclusion

It is, for the foregoing reasons, hereby

ORDERED THAT defendant Allstate's motion to dismiss [Doc. 18] and motion to dismiss class allegations [Doc. 19] be, and the same hereby are granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge